UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GEVANTE D. ANDERSON,           )
                               )
        Petitioner,            )
                               )
    vs.                        )  Case No.  15-0506-CV-W-DW-P
                               )
IAN WALLACE, et al.,           )
                               )
        Respondents.           )

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner seeks habeas corpus relief from his convictions in the Circuit Court of Jackson County, Missouri, for four counts of murder in the first degree, one count of burglary in the first degree, and five associated counts of armed criminal action. Doc. 1, p. 1 (petition).[1] The Court may grant Petitioner's application "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For the reasons explained below, Petitioner's application for habeas corpus relief is **DENIED**.

### I. BACKGROUND

### A. Proceedings in State Court

Petitioner was convicted by a jury of the crimes listed above, and the Circuit Court of Jackson County sentenced him to a controlling prison term of life without parole. Doc. 1, p. 1 (petition). The victims were Petitioner's ex-girlfriend, her new boyfriend, and her seven- and ten-year-old nephews. Doc. 9-21, p. 4 (State's brief). Collectively, the victims suffered 12-14 gunshot wounds and over 175 stab wounds. *Id*. at 5. The Missouri Court of Appeals affirmed Petitioner's convictions and the denial of his motion for post-conviction relief. Docs. 9-16 and 9-24 (unpublished opinhions).

---

[1] Page citations are to the electronic record.

## B. Asserted Grounds for Federal Relief

Petitioner claims 54 grounds for relief, but he preserved only six of those grounds for federal review.

## II. DISCUSION

### A. Claims Preserved for Federal Review

As his first ground for relief, Petitioner claims that "the State's evidence was insufficient to prove that [he] was the person who killed [the victims]." Doc. 1, p. 5 (petition). The Missouri Court of Appeals rejected this claim:

> [S]everal eyewitnesses placed Anderson at or near the scene of the crime in the hours leading up to and following the quadruple murder. The eyewitness testimony is corroborated by cell phone records indicating that [a cell phone] frequently used by Anderson[] was in the vicinity of the crime scene on the night before, and the morning of, the murders. An eyewitness also identified Anderson driving his grandfather's car away from the scene of the crime after the crimes were committed. Additionally, [Rockey Bradley, Petitioner's cousin,] testified to Anderson's acquisition of the gun used in the murders before they occurred, and his possession of the murder weapons after the offenses. Bradley also testified that Anderson confessed to the crimes after they occurred, and gave a detailed account of how he committed them. . . . Given Bradley's testimony as to Anderson's confession and possession of the murder weapon, the eyewitnesses who saw Anderson at or near the murder scene, and the testimony concerning the location of a cell phone the jury could infer was in Anderson's possession, there plainly was sufficient evidence to support a finding that he was guilty as charged.
>
> . . .
>
> Although Anderson has persuasively argued . . . various reasons why the jury should have found the evidence against him not to be persuasive, he does not point to anything which *prevented* the jury from reaching the opposite conclusion, and believing the State's evidence. We are aware of no authority that would permit us to hold, as a matter of law, that the State's evidence was unworthy of credence, and insufficient to support his convictions (whatever reservations we may have concerning the persuasiveness of the State's case). And once we presume that the jury found the State's evidence to be credible – as we are required to do under our standard of review, and given the jury's verdict – Anderson's sufficiency claim cannot be sustained. The issues Anderson raises are valid points for cross-examination, and Anderson's counsel made ample use of the opportunity to emphasize these issues to the jury. However,

> the jury, and not this Court, is charged with weighing the evidence and determining witness credibility.

Doc. 9-16, p. 11-13 (unpublished opinion) (emphasis in original) (footnote omitted).

The Missouri Court of Appeals' resolution of Petitioner's insufficient-evidence claim was not based on "an unreasonable determination of the facts in light of the evidence" or an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (constitutional standard for judging sufficiency of evidence in criminal trials); *Ellis v. Norris*, 232 F.3d 619, 622 (8th Cir. 2000) (federal habeas court must defer to state court's interpretation of state law), *cert. denied*, 532 U.S. 935 (2001). Petitioner is entitled to no relief on his first ground.

As his second ground for relief, Petitioner claims that the trial court erred by overruling his out-of-court identification by Daniel Harmon and the admission into evidence of testimony regarding that identification because the identification procedures used by the police were unduly suggestive. Doc. 1, p. 6 (petition). The Missouri Court of Appeals found no error:

> [A]s Harmon left for work on the morning of March 16, 2009, he witnessed a black male in the hallway of his apartment complex. Plaintiff showed him two photo lineups. He did not select a photograph from the first lineup, but chose Anderson's photograph from the second lineup.
>
> . . .
>
> Anderson claims that police tactics used in obtaining the pretrial identification from Harmon were unduly suggestive. Specifically, he complains that the two photo lineups shown to Harmon both had Anderson in the same position, and Anderson was the only individual who appeared in both lineups.
>
> . . .
>
> The trial court did not err in finding that police procedures were not unduly suggestive. The other photographs included in the two photographic arrays did not single Anderson out: all of the other individuals depicted were African-American, all appear to fall within the same age range, and all appear to have goatees or similar facial hair. There is no evidence the police did anything to direct Harmon to

> Anderson's photograph when showing him either the first or second photo lineup.

Doc. 9-16, pp. 13-16 (unpublished opinion).

The Missouri Court of Appeals' resolution of Petitioner's claims regarding his identification by Daniel Harmon was not based on "an unreasonable determination of the facts in light of the evidence" or an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See United States v. Lewis*, 838 F.Supp.2d 689, 700-02 (S.D. Ohio 2012) (no constitutional violation when the habeas petitioner was the only person whose photo appeared in both lineups). Petitioner is entitled to no relief on his second ground.

As his third ground for relief, Petitioner claims that the trial court committed plain error by admitting into evidence certain testimony by Rockey Bradley because the challenged statements constituted double hearsay. Doc. 1, p. 8 (petition). The Missouri Court of Appeals disagreed, concluding that the challenged statements were not hearsay. Doc. 9-16, pp. 18-21 (unpublished opinion).

The Missouri Court of Appeals' resolution of Petitioner's double-hearsay claims was not based on "an unreasonable determination of the facts in light of the evidence" or an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Ellis v. Norris*, 232 F.3d 619, 622 (8th Cir. 2000) (federal habeas court must defer to state court's interpretation of state law), *cert. denied*, 532 U.S. 935 (2001); *Richardson v. Bowersox*, 188 F.3d 973, 979-81 (8th Cir. 1999) (state court's "holding on a matter of state evidentiary law is not grounds for federal habeas relief unless it was so unfair as to constitute a denial of due process"), *cert. denied*, 529 U.S. 1113 (2000); *Mack v. Caspari*, 92 F.3d 637, 641 (8th Cir. 1996) (federal court may grant habeas corpus relief on a claim that has been rejected by a state court on plain-error review "only if manifest injustice resulted from the alleged errors") (quotation marks omitted), *cert. denied*, 520 U.S. 1109 (1997). Petitioner is entitled to no relief on his third ground.

As his fourth ground for relief, Petitioner claims that the trial court erred in admitting into evidence testimony by FBI Special Agent Scott Eicher regarding the location of Rockey Bradley's cell phone. The Missouri Court of Appeals rejected this claim:

> . . . Anderson presented evidence at trial, and argued in closing, that Rockey Bradley – not Anderson – was responsible for the murders. In an attempt to bolster this argument, Anderson filed a pre-trial motion in limine to prevent Eicher from testifying regarding the whereabouts of Bradley's cell phone. At a pretrial hearing, Anderson asserted that Eicher's testimony regarding the location of Bradley's cell phone did not meet the standard for admission of expert testimony, because Bradley's service provider, Cricket, attached a disclaimer to the Call Detail Reports ("CDRs") on which Eicher relied, disavowing their reliability to establish a phone's location.
>
> . . .
>
> Under cross-examination during the offer of proof, Eicher repeated that in his experience Cricket's CDRs were reliable, and that the disclaimer included with its records was included because Cricket's towers had not been tested. . . .
>
> After hearing the State's arguments and the defense counterarguments, the trial court allowed Eicher to testify as an expert and offer testimony regarding the whereabouts of Bradley's phone. Eicher testified that Bradley's cell phone was not in the vicinity of the crime scene the night before or morning of the murders.

Doc. 9-16, pp. 22-24 (unpublished opinion). The Missouri Court of Appeals concluded that the trial court had not abused its discretion "in determining the general community acceptance of admissibility of Eicher's testimony regarding the Cricket CDRs." *Id*. at 27.

The Missouri Court of Appeals' resolution of Petitioner's claim regarding the testimony of Special Agent Eicher was not based on "an unreasonable determination of the facts in light of the evidence" or an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Richardson*, 188 F.3d at 979-81 (state court's "holding on a matter of state evidentiary law is not grounds for federal habeas relief unless it was so unfair as to constitute a denial of due process"). Petitioner is entitled to no relief on his fourth ground.

As his fifth and sixth grounds for relief, Petitioner claims that he was denied effective assistance of trial counsel because his attorney failed to gather information to show that Rockey Bradley's footprints were present at the crime scene, and failed to make a formal offer of proof that Rockey Bradley was a drug dealer. Doc. 1, pp. 12-13 (petition). The Missouri Court of Appeals disagreed, concluding that Petitioner had abandoned his claim concerning footprints, and that proof of "Bradley's drug dealing would not have established a motive to kill the victims." Doc. 9-24, pp. 6-10 (unpublished opinion).

In a federal habeas corpus proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct [and petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has presented no such evidence regarding the ineffective-assistance claims discussed above. Furthermore, the Missouri Court of Appeals' resolution of Petitioner's ineffective-assistance claims was not based on an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1). *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to establish ineffective assistance of counsel, habeas petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense). Petitioner is entitled to no relief on his fifth and sixth grounds.

### B. Claims Not Preserved for Federal Review

"Before seeking federal [habeas corpus] relief under [28 U.S.C.] § 2254, a petitioner ordinarily must fairly present the federal claim to the state courts. By exhausting all available state court remedies, [a petitioner] gives a state the opportunity to pass upon and correct alleged violations of . . . federal rights." *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citations and quotation marks omitted), *cert. denied*, ___ U.S. ___, 132 S.Ct. 1596 (2012). "If a petitioner has not presented his habeas corpus claim to the [appropriate] state court, the

claim is generally defaulted." *Id*.

Petitioner defaulted his 48 remaining grounds for relief by not presenting those claims to the Missouri Court of Appeals.[2] *See Sweet v. Delo*, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (claims that have not been presented in the appropriate Missouri appellate court are procedurally defaulted), *cert. denied*, 523 U.S. 1010 (1998). C*ompare*, Doc. 1 (federal petition), *with* Docs. 9-13 and 9-20 (briefs to the Missouri Court of Appeals). A federal court may not review procedurally-defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner attributes his default to ineffective legal assistance by the attorney who represented him on appeal from the denial of post-conviction relief, who Petitioner claims "refused" to "file a supplemental brief" in the Missouri Court of Appeals "raising all [54] claims . . . ." Doc. 13, p. 4 (reply). However, Petitioner had no constitutional right to effective legal assistance on appeal from the denial of his motion for post-conviction relief. *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 1320 (2012) (no constitutional right to effective legal assistance during "appeals from initial-review collateral proceedings").[3]

Petitioner has failed to demonstrate cause for his default. Petitioner also has failed to demonstrate that the Court is obligated to consider the merits of his 48 defaulted claims. *See*

---

[2]Petitioner's defaulted grounds consist of the following types of claims: Ineffective assistance of trial counsel (Grounds 7-26), ineffective assistance of counsel on direct appeal (Grounds 27, 31-46), trial error, including claims of prosecutorial misconduct (Grounds 28-30, 48-54), and "newly discovered evidence" (Ground 47). Doc. 1, pp. 15-48 (petition).

[3]To the extent that Petitioner criticizes the performance of the attorney who represented him in the Circuit Court on his post-conviction motion, *see* Doc. 13, p. 3 (reply), the Court finds that Petitioner has failed to demonstrate that he qualifies for the "narrow exception" established by *Martinez*. 132 S.Ct. at 1315.

Doc. 13 (reply); *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir. 1996) (in order to demonstrate that a failure to consider defaulted claims will result in a fundamental miscarriage of justice, habeas petitioner must show that he is "probably actually innocent" of the crimes for which he was convicted) (citation omitted), *cert. denied*, 520 U.S. 1128 (1997). The Court finds that further review of Petitioner's procedurally-defaulted claims is not required to prevent a fundamental miscarriage of justice.

### C. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability may be issued "only if [the petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and the Court declines to issue a certificate of appealability.

### III. CONCLUSION

For the reasons explained above, Petitioner's application for a writ of habeas corpus is **DENIED**, and the Court declines to issue a certificate of appealability. The Clerk of the Court shall enter judgment dismissing this case.

It is so **ORDERED**.

/s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: June 21, 2016.